UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN TUCKER,

       Petitioner,

v.                                                  Case No. 03-10254
                                                  Honorable David M. Lawson

JOHN CASON,

       Respondent.

_____/

## ORDER DENYING CERTIFICATE OF APPEALABILITY

This matter is before the Court on remand from the Sixth Circuit for the sole purpose of determining whether to grant or deny a certificate of appealability to the petitioner. The Court already issued a conditional writ of habeas corpus with respect to one of the petitioner's claims of ineffective assistance of counsel on October 23, 2007. The Court was persuaded that trial counsel rendered ineffective assistance when he failed to obtain medical records of injury to the victim's pelvis and vagina that happened before the alleged sexual assault and that could have provided an alternative explanation for the victim's hymen and anal tissue abnormalities that were critical in convicting the petitioner of sexual molestation. Accordingly, the Court ordered a conditional grant of the petition for writ of habeas corpus under the terms of which the respondent would be released unless the state chose to retry him within seventy days.

Originally, the petitioner advanced four claims for habeas corpus relief. These grounds were:

I.      The trial court reversibly erred in refusing the jury's reasonable requests for the rereading of trial testimony, in violation of the right to due process and a fair trial, and defense counsel was ineffective for failing to object.

II.     Defene counsel was ineffective for failing to have Dr. Inocencio's report and the photographs taken during her examination reviewed by another doctor, for failing to obtain the medical records from [the complainant's] automobile accident, for conceding that sexual abuse occurred, for eliciting testimony that [the complainant's]

previous statements and testimony were consistent with her trial testimony, when they were inconsistent, and for failing to impeach witnesses with prior inconsistent testimony.

III. The petition should be granted where the court permitted highly prejudicial testimony that Mr. Tucker was a cross dresser over defense objection, without giving a cautionary instruction, despite the court's intention to do so, and, in the alternative, defense counsel was ineffective for failing to object to the failure to give a cautionary instruction.

IV. The cumulative effect of these errors denied due process and the right to a fair trial.

Opinion & Order Conditionally Granting Petition for Writ of Habeas Corpus [dkt # 26], at 14. As mentioned above, the Court found that only the trial counsel's failure to investigate the circumstances of the victim's automobile accident and obtain medical records of her treatment warranted habeas corpus relief; as to the other grounds, the Court held that the petitioner's arguments lacked merit. Both parties cross-appealed from the Court's order.

I.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that the issues presented were "adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted).

District courts must make an "individualized determination" under the standards set forth in *Slack* and *Miller-El* as to each substantive claim presented by the petitioner. *Murphy v. Ohio,* 263 F.3d 466, 467 (6th Cir. 2001). The Court must either issue a certificate of appealability indicating

which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In Re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

II.

Apart from the winning argument, the petitioner made four more ineffective assistance of counsel claims, all of which were found to be without merit by the Court. They alleged: (1) the failure of trial counsel to have Dr. Inocencio's report and photographs reviewed by another doctor; (2) trial counsel's concession that sexual abuse occurred; (3) elicitation by counsel of testimony that the complainant's previous statements and testimony were consistent with her trial testimony; and (4) the failure to impeach witnesses with prior inconsistent testimony.

On the first of those claims – that the petitioner's counsel should have asked other physicians to review Dr. Inocencio's findings – the Court found that the trial attorney pursued attempts to obtain expert assistance in order to attack Dr. Inocencio's report. Counsel apparently contacted three physicians seeking to rebut Dr. Inocencio's testimony but in light of their responses or lack thereof, his determination not to call a physician as an expert did not amount to conduct that fell below the generous standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Secondly, regarding the concession of guilt, the Court concluded that the argument was abandoned because the petitioner failed to develop it or present any authority to support the claim in his briefs. And regarding the third claim, that counsel should have impeached the victim and her mother with regard to the dates on which the sexual abuse allegedly occurred, the Court upheld the Michigan court of appeals' conclusion that such move was neither contrary to nor an unreasonable application of *Strickland* to the facts of this case because failure to impeach the victim and her mother did not

result in prejudice to the defendant. Having revisited the petitioner's unsuccessful ineffective assistance of counsel claims, the Court now finds that reasonable jurists could not debate that this Court correctly dismissed the petitioner's first claim or that the issues presented were adequate to deserve encouragement to proceed further.

### III.

The petitioner also argued that he was denied a fair trial because the trial court refused to honor the jury's requests to reread trial testimony. The Court found that this claim was procedurally defaulted and upheld the Michigan court of appeals' decision that the petitioner was not prejudiced by the trial court's refusal to provide the jury with the transcripts. Further, the Court did not find any miscarriage of justice to overcome a procedural default in the absence of cause and prejudice. The Court now concludes that the petitioner has not satisfied the standard for issuance of a certificate of appealability on this claim either.

### IV.

The petitioner's next claim for habeas corpus relief is that the trial court erroneously admitted highly prejudicial testimony that the petitioner was a cross dresser without giving a limiting instruction and without trial counsel requesting it. The Court found that as a matter of trial tactics, these decisions did not constitute deficient performance, and did not prejudice the defense in a way that would deprive the petitioner of the reliable trial. After considering this claim again, the Court concludes that reasonable jurists could not debate that this Court correctly dismissed the petitioner's evidentiary mistake claim and the claim does not deserve encouragement to proceed further.

V.

The petitioner's final claim was based on the cumulative effect of the enumerated errors in depriving him of due process and fair trial. The Court rejected that claim as well based on the Supreme Court's holding that distinct violations may not be cumulated for the purposes of receiving habeas relief. The Court now concludes that this proposition is likewise not debatable by reasonable jurists and that the petitioner failed to make a substantial showing of the denial of a constitutional right that would entitle the petitioner to proceed.

Accordingly, it is **ORDERED** that the a certificate of appealability to proceed on the claims other than ineffective assistance of counsel for failing to investigate the alternative causes of victim's injuries is **DENIED**.

                                                s/David M. Lawson
                                                DAVID M. LAWSON
                                                United States District Judge

Dated: September 23, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 23, 2008.

                                    s/Felicia M. Moses
                                      FELICIA M. MOSES